# SEIDEN | LAW

June 30, 2025

**VIA ECF AND EMAIL**
Hon. John P. Cronan
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *In re Application Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings*, 1:25-mc-00280 (S.D.N.Y.)

Dear Judge Cronan:

My firm represents Applicant in the above-referenced matter pursuant to 28 U.S.C. § 1782 ("Application").[1] We write pursuant to Rule I.A. of Your Honor's Individual Rules and Practices to provide the Court with relevant background to this Application and, given its extremely time-sensitive nature, to respectfully request the Court's expedited review of the Application.

By way of background, on May 14, 2025 and in the sealed matter bearing the case number 1:25-mc-00221-JPO (S.D.N.Y.) ("Sealing Action"), Applicant sought the Court's leave to file its Application under seal or with redactions. Sealing Action ECF 1; *id.* at ECF 1-1. On May 16, 2025, the Court placed a sealed document in the S.D.N.Y.'s document vault. *Id.* at ECF 3 ("Sealed Document"). At that time, my firm was not provided with a digital or hard-copy version of the Sealed Document or the ability to access it. Likewise, we were not provided with any information as to what the Sealed Document. To that effect, between learning of this Sealed Document and the filing of this Action, my firm reached out to the S.D.N.Y.'s ECF Help Desk, the Clerk of the Court, the Sealed Records Department, and even Judge Oetken's chambers to determine what this Sealed Document was and how we could access it. Unfortunately, we were not provided with guidance, and the document remained inaccessible to us. It was only on June 24, 2025, in connection with an email I had sent directly to Judge Oetken, that Judge Oetken's chambers emailed the Sealed Document to me, by which my firm first learned that the Document was an order dated May 16, 2025 that granted our motion to file the Application with redactions ("May 16 Order"). Accordingly, we learned of the May 16 Order almost six weeks after the Court had granted it. One day later, on June 25, 2025 and pursuant to the May 16 Order, we initiated this matter by filing the redacted version of the Application. In connection with this action's initiation, the ECF Help Desk confirmed that, upon Judge Oetken's issuing the May 16 Order, the Order should have been uploaded onto ECF and made accessible to us.[2]

---

[1] All capitalized terms refer to defined terms that are redacted in the Application. Those redactions notwithstanding, the Court may view the terms in unredacted form by way of the unredacted version of the Application that was delivered to the Court on June 26, 2025 (ECF 9), as well as in various sealed docket entries in the case bearing the number 1:25-mc-00221-JPO (S.D.N.Y.), by which Applicant sought and was granted leave to file the Application with redactions. *See* 1:25-mc-00221-JPO (S.D.N.Y.) ECF 1-3, ECF 1-4.

[2] At the Court's request, we will provide the Court with a copy of the May 16 Order, a copy of the June 24, 2025 correspondence from Judge Oetken, and a complete, unredacted version of the Application.

**SEIDEN | LAW**

As the Application sets forth, Applicant's need for discovery is extremely time-sensitive. Applicant had previously set forth the basis for the Court's expedited review in the original version of the Application filed in the Sealing Action, representing that Applicant intended to use the discovery obtained by the Application for use in a trial in the United Kingdom that was to begin on June 9, 2025 (as to the foreign proceeding, the "UK Action"). *See* Sealing Action ECF 1-3 at 2; Sealing Action ECF 1-4 at 11. Applicant's time-sensitive need for discovery is now even more urgent, given the time that elapsed between the May 16 Order and the filing of the redacted version of the Application, as Applicant continues to seek evidence obtained by the Application for use in the UK Action's trial, which, as of the writing of this letter, is currently underway. Accordingly, the nearly six-week interim between the Court's issuing the May 16 Order and Applicant's filing of this action has unfortunately limited Applicant's ability to effectuate the Application for this use (assuming the Court's granting of it), further underscoring just how time-sensitive this Application has become.

For these reasons, Applicant respectfully requests that the Court conduct an expedited review of the Application, as such expedited review is consistent with this District's treatment of time-sensitive § 1782 applications. *See, e.g.*, *In re Boustany*, 1:23-mc-00027, ECF 7 (S.D.N.Y. Jan. 31, 2023) (granting *ex parte* § 1782 application within one day of its filing); *In re Eurasian Nat'l Res. Corp.*, 1:20-mc-00312, ECF 11 (S.D.N.Y. Sept. 9, 2020) (same within seven days of its filing); *In re Porsche*, No. 1:15-mc-00417, ECF 4 (S.D.N.Y. Dec. 29, 2015) (same within six days of its filing; ordering a response to subpoena within two weeks of service).[3]

We thank the Court for its time and attention to this matter and are available to discuss the Application at the Court's convenience.

Respectfully submitted,

/s/ Jake Nachmani
**SEIDEN LAW LLP**
Jake Nachmani
Peter Grabowski
322 Eighth Avenue, Suite 1200
New York, NY 10001
(646) 766-1723

*Attorneys for Applicant*

---

[3] The Application sets forth the factual and legal bases for the UK Action and how the discovery sought would be used in that proceeding. In addition to the UK Action, the Application also seeks discovery for use in two other foreign proceedings – a current action in Italy and an anticipated action in Italy. The Application similarly sets forth the factual and legal bases for those proceedings and how the discovery sought would be used there.

2