```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                      :
In re Application of                                  :
                                                      :
ABC,                                                  :
                                                      :         25 Misc. 280 (JPC)
                                                      :
Applicant for an Order pursuant to                    :
28 U.S.C. § 1782 to Conduct Discovery                 :              ORDER
for use in Foreign Proceedings                        :
                                                      :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

No later than 5:00 p.m. on July 2, 2025, Applicant shall submit a letter to the Court addressing the below topics.

1) Whether the conclusory assertion from Applicant's attorney that Respondent "will soon be in New York," Dkt. 6 ¶ 4; *see also* Dkt. 2 at 12-13 ("[Applicant] anticipates [Respondent's] arrival in New York."), without further detail, is sufficient to show that Respondent "can be found" in the Southern District of New York. *See In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 452 (S.D.N.Y. 2018) ("To obtain a court order for discovery under Section 1782, an applicant must initially establish that the person from whom discovery is sought resides (or can be found) in the district where the application is made."), *aff'd sub nom. In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019); *In re Laggner*, No. 22 Misc. 341 (ALC) (HJR), 2025 WL 311198, at *8 (S.D.N.Y. Jan. 28, 2025) (requiring "a prima facie showing that [the respondent] 'can be found' in this District" before granting a Section 1782 application, when the respondent "ha[d] not yet been 'found' [in the district] because he ha[d] not been served with a validly authorized subpoena").

2) Whether Applicant has satisfied Section 1782's "for use" requirement with respect to the UK Action by identifying a "procedural mechanism by which to inject the discovery" into

that litigation, *In re BonSens.org*, 95 F.4th 75, 80 (2d Cir. 2024) (alteration adopted and internal quotation marks omitted); *see also Mees v. Buiter*, 793 F.3d 291, 295 (2d Cir. 2015) ("A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding."), given Applicant's UK counsel's statement that "subsequently-obtained, relevant evidence may still be submitted *prior to or up to June 9, 2025*," Dkt. 4 ¶ 42 (emphasis added).  *See also In re Noguer*, No. 18 Misc. 498 (JMF), 2019 WL 1034190, at *2 (S.D.N.Y. Mar. 5, 2019) ("Accordingly, so long as a 1782 applicant has 'establish[ed] that it will have *some means* of actually using the evidence in the foreign proceeding,' in the absence of 'authoritative proof that a foreign tribunal would reject [the] evidence obtained,' a district court should not reject a Section 1782 application on that ground." (alterations in original) (first quoting *Certain Funds, Accts. &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 122 n.11 (2d Cir. 2015); and then quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)).

3) To the extent that no such procedural mechanism exists through which to use the obtained evidence in the UK Action, whether there is any other justification for Applicant's request for expedited review of the Application, *see* Dkt. 10.

SO ORDERED.

Dated: June 30, 2025  
New York, New York

_____  
JOHN P. CRONAN  
United States District Judge